UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DoseLogix, LLC, | Case No. 21-cv-1275 (ECT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Reflex Medical Corp., | |
| Defendant. | |

---

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing (ECF No. 128) concerning filings made in connection with: Plaintiff's Motion for Summary Judgment of Infringement of Claims 1 and 3-8 of U.S. Patent No. 10,947,027 and Claim 12 of U.S. Patent No. 10,919,685 (ECF No. 76); Plaintiff's Motion to Exclude Expert Testimony of Kevin H. Besikof (ECF No. 81); Plaintiff's Motion to Partially Exclude Expert Testimony of William K. Durfee (ECF No. 90); and Defendant's Motion for Summary Judgment and Exclusion of Daniel Cenatempo's Testimony (ECF No. 95). The parties agree that all documents presently under temporary seal should remain under seal (ECF No. 128).

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The public's right of access "is not absolute, but requires a weighing of competing interests." *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980 (D. Minn. 2016). Specifically, the district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The weight that the court gives to the presumption of access

must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Skky*, 191 F. Supp. at 980 (quotations omitted). Documents filed in connection with motions for summary judgment carry a heightened presumption of public access. *Steele v. City of Burlington*, Iowa, 223 F. Supp. 3d 972, 980 (S.D. Iowa 2018.)  After determining the weight to be accorded, the competing interests must be considered to determine whether the public's interest is outweighed by countervailing factors. *See U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Though several of these motions sought to address the merits of this case, District Judge Eric C. Tostrud denied all of the motions at issue without prejudice upon granting the parties' Joint Motion to Stay Pending Outcome of Reexamination Proceedings (ECF Nos. 130, 132).  Thus, the documents at issue played no role in the exercise of Article III power and present little value to those monitoring the federal courts. *Skky*, 191 F. Supp. at 980.  The filings under seal appear to contain sensitive business information, and the parties have filed public versions of sealed documents with narrowly tailored redactions, when practicable. (*See, e.g.*, ECF No. 113, 116.) The Court thus concludes that the parties' confidentiality interests outweigh the public's minimal interest in accessing these documents and grants the Joint Motion for Continued Sealing in full.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** the parties' Joint Motion for Continued Sealing (ECF No. [128]) is **GRANTED** and the Clerk of the Court is directed to keep under seal ECF Nos.: [84], [86], [88], [96], [99], [99-1–99-10], [109], [112], [115], [122], [125], and [125-1].

Dated: November 17, 2023                         *s/ Dulce J. Foster*
                                                 Dulce J. Foster
                                                 United States Magistrate Judge